

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable John C. Marburger
County Attorney
Fayette County
LaGrange, Texas

Dear Sir:

Opinion Number O-5037
Re: Religious instruction
in public free schools
of Texas.

We have received your letter of January 13, 1943, which we quote, in part, as follows:

"The following questions have just been propounded to me for an opinion:

1. 'May religious instruction be taught in the public schools of Texas during school hours?'

2. 'The teachers in the particular district find it more convenient to offer this instruction during the noon hour, that is, to instruct the children for about fifteen (15) minutes during the noon hour. Is the noon hour considered a part of the school day?'

"I am also informed that this 'religious instruction' is of a particular denomination or sect exclusively, and is not merely general instruction in religion. The regular school hours are from 9:00 A.M. to 4:00 P.M. during the day."

You state that you are informed that the instruction is of a particular denomination. This opinion is expressly

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

written on the assumption that such information is correct, and it is accordingly so limited.

It is well known that one of the causes of the Texas Revolution was the enforced national religion of the Republic of Mexico. As a consequence, certain provisions were included in our Constitution to divorce the church from the State and to guarantee absolute religious freedom. Sections 6 and 7 of our Bill of Rights (Article I of the Texas Constitution) read respectively as follows:

"Sec. 6. All men have a natural and indefeasible right to worship Almighty God according to the dictates of their own consciences. No man shall be compelled to attend, erect or support any place of worship, or to maintain any ministry against his consent. No human authority ought, in any case whatever, to control or interfere with the rights of conscience in matters of religion, and no preference shall ever be given by law to any religious society or mode of worship. But it shall be the duty of the Legislature to pass such laws as may be necessary to protect equally every religious denomination in the peaceable enjoyment of its own mode of public worship."

"Sec. 7. No money shall be appropriated, or drawn from the Treasury for the benefit of any sect, or religious society, theological or religious seminary; nor shall property belonging to the State be appropriated for any such purposes."

Section 5 of Article VII, Constitution of Texas, provides, in part, as follows:

" * * * And no law shall ever be enacted appropriating any part of the permanent or available school fund to any other purpose whatever;

191

ner shall the same, or any part thereof ever
be appropriated to or used for the support of
any sectarian school; * * * ". See also Arti-
cle 2899, R. C. S.

These provisions were before the Supreme Court of
Texas in the case of Church et al. v. Bullock et al., 109
S.W. 115. In that case it was held in effect that the hold-
ing of morning exercises in the public schools which con-
sisted of reading by the teacher without comment of nonsec-
tarian extracts from the Bible, and the singing of appropri-
ate songs, in which the pupils were invited but not required
to join, was not objectionable under the above quoted provi-
sions of the Constitution. See also Pfeiffer v. Board of
Education (Mich.), 77 N. W. 250; People ex rel. Vollmar v.
Stanley (Colo.), 255 P. 610; Hackett v. Brooksville Graded
School Dist., (Ky.), 87 S. W. 792; Stevenson v. Hanyon, 7 Pa.
Dist. R. 565. However, the court emphatically stressed the
point that the exercises were nonsectarian in character. We
quote the following from the opinion of the court:

" * * * It was the purpose of the Constitu-
tion to forbid the use of public funds for the
support of any particular denomination of re-
ligious people, whether they be Christians or
of other religions."

Therefore, exercises which would include any expression
representing the peculiar or distinctive view or dogma of any
sect or denomination would not be nonsectarian. Such exercises
would be in violation of our Constitution.

In Corpus Juris (Volume 12, pages 942, 943) it is stat-
ed that there is now a tendency both in constitutional provi-
sions and in judical construction to exclude any religious in-
struction in the public schools. See also 16 C. J., Sec. 604.
Our Supreme Court in the Bullock case has not gone that far,
but it definitely committed itself to the doctrine that if re-
ligious exercises are held, they must be strictly nonsectarian
in character. You state that the instruction is "of a particu-
lar denomination or sect exclusively, and is not merely general
instruction in religion." Your first question is, therefore,
answered in the negative.

You ask whether the noon hour is part of the school day. There can be no doubt that under Article 2906, Revised Civil Statutes, it is. See that part of Article 2906 which provides:

"A school month shall consist of not less than twenty school days, inclusive of holidays, and shall be taught for not less than seven hours each day, including intermissions and recesses." (Emphasis supplied)

However, even without this statute we think that the noon hour would be a part of the school day. The board of trustees determines the time and length of recesses, and the students are subject to the supervision of the school authorities. Your second question is, therefore, answered in the affirmative.

You ask the second question in connection with the offering of religious instruction in the school. We think it proper to state here the following rule announced by the Supreme Court in Jernigan v. Finley, 90 Tex. 205, 38 S. W. 24, in construing that part of Section 5, Article VII of the Constitution which we have heretofore quoted:

"The Legislature cannot do by indirection what it cannot do directly."

We think this ruling applies to all three of the constitutional provisions under consideration. In other words, the school cannot offer religious instruction of a sectarian character regardless of when or how it is offered. The school cannot do by indirection what it cannot do directly.

We wish to thank you for your very able brief.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _George W. Sparks_
George W. Sparks
Assistant

APPROVED JAN 22, 1943

_Gerald C. Mann_
ATTORNEY GENERAL OF TEXAS

GWS/s